IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HAMZA RAMZAN, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:18CV539-ALM-KPJ |
| v. | § § | |
| GDS HOLDINGS LIMITED, WILLIAM WEI, HUANG, and DANIEL NEWMAN, | § § § | |
| Defendants. | § | |

## ORDER AND OPINION

The following motions are pending before the Court:

1. Yuanli He's ("Yuanli He") Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Yuanli He's Motion") (Dkt. 8);

2. Maria M. Queri's ("Queri") Motion for Appointment as Lead Plaintiff and Approval of Counsel ("Queri's Motion") (Dkt. 9); and

3. Plaintiff Hamza Ramzan ("Plaintiff") and Defendants GDS Holdings Limited ("GDS"), William Wei Huang, and Daniel Newman's (collectively, "Defendants") Joint Unopposed Motion to Set a Deadline for Lead Plaintiff to Identify and Serve the Operative Complaint and for An Extension of Time to Respond to Operative Complaint (the "Joint Scheduling Motion") (Dkt. 16).

Yuanli He filed a response in opposition to Queri's Motion (*see* Dkt. 14). Yuanli He's Motion is unopposed. For the following reasons, the Court finds Yuanli He' Motion (Dkt. 8) is **GRANTED**, Queri 's Motion (Dkt. 9) is **DENIED**, and the Joint Scheduling Motion (Dkt. 16) is **GRANTED**.

### I. BACKGROUND

On August 2, 2018, Plaintiff filed the present complaint ("Complaint") against Defendants as a putative class action arising under the Securities Exchange Act of 1934 ("Exchange Act"), including the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C.

1

§ 78u-4. *See* Dkt 1. Defendant GDS, together with its subsidiaries, purports to design, build, and operate data centers in the People's Republic of China ("PRC"). *See* Dkt. 8 at 2. Defendant GDS is a Cayman Islands corporation that is headquartered in the PRC. The Company's common stock trades on NASDAQ under the symbol "GDS." *Id*.

The Complaint alleges that between March 29, 2018, and July 31, 2018, (the "Class Period"), Defendants made false and/or misleading statements and/or failed to disclose that: (1) GDS overstated the value of certain data centers it had acquired; (2) GDS failed to maintain adequate internal controls; and (3) as a result, Defendants' statements about its business, operations and prospects were materially false and/or misleading and/or lacked a reasonable basis at all relevant times. *See* Dkt. 8. When the true details entered the market, the lawsuits claim that investors suffered damages. On July 31, 2018, Blue Orca Capital published a report stating, among other things, that GDS was inflating the purchase price of undisclosed related party transactions of various data centers. *See id*. On this news, shares of GDS fell $12.92 per share, or over thirty-seven percent, to close at $21.83 per share on July 31, 2018. *Id*.

On October 5, 2018, Plaintiff served Defendant GDS with the Complaint. *See* Dkt. 16. Absent an extension of time, Defendant GDS's response to the Complaint is due on October 26, 2018. Defendants William Wei Huang and Daniel Newman have not yet been served with the Complaint, but their counsel, who also represent GDS, agreed to accept service of the Complaint. *See id*.

On August 2, 2018, Plaintiff caused a public notice to be filed pursuant to §21D(a)(3)(A)(i) of the Reform Act, 15 U.S.C. § 78u-4(a)(3)(A)(i), publicizing the existence of this lawsuit and the putative class, and notifying putative class members of their right to move for lead plaintiff status by October 1, 2018. *See id*. As explained above, two lead plaintiff motions, Yuanli He's Motion

2

(Dkt. 8) and Queri's Motion (Dkt. 9) are currently pending before the Court. Yuanli He is represented by the same counsel representing Plaintiffs in this action. *See* Dkt. 16 at 2.

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i), this Court must appoint a lead plaintiff no later than November 1, 2018. Once selected, the lead plaintiff will appoint lead counsel, subject to this Court's approval, and identify an operative complaint or file an amended complaint. The Joint Scheduling Motion represents that the parties have agreed, subject to this Court's approval, that in the interests of judicial economy, conservation of time and resources, and orderly management of this action: (1) Defendants should not be required to respond to the current Complaint; (2) lead plaintiff should have sixty (60) days upon its appointment as lead plaintiff to file and serve an amended complaint (or to designate the current complaint as the operative complaint); (3) Defendants should have sixty (60) days thereafter to respond to the operative complaint; and (4) if Defendants move to dismiss the operative complaint, lead plaintiff should have 60 days to file its opposition, Defendants should have thirty (30) days to file their reply, and that no further briefing shall be permitted absent agreement by the parties or approval of the Court upon good cause shown.

## II.     LEGAL STANDARD

The PSLRA provides a sequential procedure for selecting a lead plaintiff for each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(1). First, a plaintiff that filed a complaint under the PSLRA must publish the pendency of the action, the claims asserted, and the purported class period in a widely circulated national business-oriented publication or wire service within twenty (20) days of filing the action. *See* § 78u-4(a)(3)(A)(i). Any member of the purported

class may move the court to serve as lead plaintiff of the purported class within sixty (60) days of the publication. *See id.*

The court shall consider all motions made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. *See* § 78u4(a)(3)(B)(i). The court shall adopt a presumption that the "most adequate plaintiff" is the person or groups of persons who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. *See* § 78u-4(a)(3)(B)(iii)(I).

### III. ANALYSIS

The Court finds that Yuanli He satisfies all three of the criteria stated above, and thus, is entitled to the presumption that Yuanli He is the most adequate plaintiff of the class, and therefore, should be appointed as Lead Plaintiff.

First, Yuanli He has submitted a sworn shareholder certification attesting to the fact that Movant is willing to serve as representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* Dkt. 8-3. Accordingly, Yuanli He satisfies the first requirement to serve as Lead Plaintiff for the class.

Second, Yuanli He satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class. The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). In this

case, Yuanli He has alleged losses of $188,361.48, in connection with purchases of GDS securities. *See* Dkt. 8-4. Nothing has been presented to the Court suggesting that any other person(s) have suffered greater losses in GDS securities than Yuanli He during the Class Period.

Finally, the Court finds that Yuanli He satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." With respect to class certification, Rule 23(a) requires: (1) the class be so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representative will fairly and adequately protect the interests of the class. *See* FED. R. CIV. P. 23(a). At the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See In re Kosmos Energy Ltd. Sec. Litig.*, 2012 WL 6199318, at *2 (N.D. Tex. Nov. 1, 2012) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)).

The Court further finds that Yuanli He's claims will fairly and adequately protect the interests of the class. The adequacy requirement mandates an inquiry into: (1) the zeal and competence of the representative's counsel; and (2) the willingness and ability of the representatives to take an active role in and control the litigation and protect the interests of absentees. *See Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001). Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only where those differences create conflicts between the named plaintiffs' and the class members' interests. *See id.* at 480.

Yuanli He has selected The Rosen Law Firm, P.A., as Lead Counsel, and Steckler Gresham Cochran PLLC, as Liaison Counsel. Both firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Dkts. 8 at 6-7, 8-5, 8-6. The Court is satisfied that the selected counsel possess the skill and knowledge to prosecute this action effectively and expeditiously and to ensure that the members of the class will receive the best legal representation available. Furthermore, Yuanli He's significant loss provides a sufficient interest in the outcome of the case to ensure vigorous advocacy, which squarely aligns with the interests of the class. Based on the foregoing, the Court finds Yuanli He has satisfied the requirements of Rule 23 at this stage of litigation.

With respect to the deadline for responsive pleadings, the Court finds there is good cause here to enlarge the period of time within which a defendant must serve its responsive pleading. *See* FED R. CIV. P. 6(b)(1). Competing lead plaintiff motions are pending before the Court until entry of this Order. Now that the Court has appointed Yuanli He as the Lead Plaintiff, Yuanli He may either designate the operative pleading or file and serve an amended complaint.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Yuanli He's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel (Dkt. 8) is **GRANTED**, and Maria M. Queri's Motion for Appointment as Lead Plaintiff and Approval of Counsel (Dkt. 9) is **DENIED**. The Court also finds that the Joint Unopposed Motion to Set a Deadline for Lead Plaintiff to Identify and Serve the Operative Complaint and for An Extension of Time to Respond to Operative Complaint (Dk. 16) is **GRANTED**

**IT IS THEREFORE ORDERED** that Yuanli He shall be designated as Lead Plaintiff, and the Court approves Yuanli He's selection of Lead Counsel.

**IT IS FURTHER ORDERED** that:

1. No Defendant is required to respond to the Complaint already filed in this action.

2. Within sixty (60) days of this Order, the Lead Plaintiff shall identify an operative complaint or file an amended complaint that becomes the operative complaint.

3. The time for all Defendants to answer, move, or otherwise plead in response to any complaint filed in the above-captioned matter is hereby extended to sixty (60) days following service of the operative complaint by the Lead Plaintiff.

4. Should any Defendant move to dismiss the operative complaint, the Lead Plaintiff shall have sixty (60) days to file its opposition to any motion to dismiss, and Defendants shall have thirty (30) days to file any reply. No additional submission is permitted absent agreement by the parties or approval by this Court upon good cause shown.

5. Nothing in this Order shall be deemed to constitute a waiver of any rights, defenses, objections or any other application to any court that any party may have with respect to the claims set forth in the Complaint already filed in this action.

**IT IS SO ORDERED**.

**SIGNED this 26th day of October, 2018.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE